UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| RONALD FISHER and RONDALD FISHER as Guardian Ad Litem of C.F., <br><br>Plaintiffs, <br><br>v. <br><br>UNITED STATES OF AMERICA, <br><br>Defendant. | CIV. 14-5042 <br><br><br><br>**UNITED STATES' ANSWER TO REDACTED COMPLAINT** |

Defendant, United States of America, by and through its attorneys, Brendan V. Johnson, United States Attorney, and Meghan K. (Woster) Roche, Assistant United States Attorney, answers plaintiffs' complaint as follows. All allegations contained in the complaint are denied unless specifically admitted or qualified herein. The numbered paragraphs in this answer correspond to the numbered paragraphs in plaintiffs' complaint.

1. The allegations contained in ¶ 1 are conclusions of law to which no response is required; to the extent a response is required, the allegations are denied.

2. Defendant denies the allegations contained in ¶ 2 for lack of knowledge or information sufficient to form a belief as to their truth.

3. Defendant admits the allegations contained in ¶ 3 to the extent that the United States is the named Defendant and at the time of the facts at issue here, the Oglala Sioux Tribe Department of Public Safety had a Public

1

Law 93-638 (Indian Self-Determination and Education Assistance Act of 1975) contract with the Department of the Interior, Bureau of Indian Affairs, which is an agency of the United States.

4. The allegations contained in ¶ 4 are conclusions of law to which no response is required; to the extent a response is required, the allegations are denied.

5. Defendant admits the allegations contained in ¶ 5 to the extent supported by the administrative claim cited, which is the best evidence of its contents.

6. Defendant admits the allegations contained in ¶ 6 to the extent that Officer Tyler Little Finger was attempting to turn around on a field approach off the state highway, but denies the remainder of the allegations in this paragraph.

7. Defendant admits the allegations contained in the first sentence of ¶ 7 to the extent that Officer Little Finger's vehicle and Fisher's truck collided, but denies the remainder of the allegations in this sentence. Defendant further admits that both vehicles were damaged and were towed from the scene.

8. The allegations contained in ¶ 8 are conclusions of law to which no response is required; to the extent a response is required, the allegations contained in 8a, 8b, and 8c are denied.

9. Defendant denies the allegations contained in ¶ 9.

10. The allegations contained in ¶ 10 are conclusions of law to which no response is required; to the extent a response is required, the allegations

Case 5:14-cv-05042-JLV   Document 10   Filed 09/02/14   Page 3 of 7 PageID #: 61

are denied.

11.     The allegations contained in ¶ 11 are conclusions of law to which no response is required; to the extent a response is required, the allegations are denied.

12.     The allegations contained in ¶ 12 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

13.     Defendant admits the allegations contained in ¶ 13 to the extent that Ronald Fisher submitted a federal administrative tort claim to the OST Department of Public Safety.

14.     Defendant admits the allegations contained in ¶ 14 to the extent that Ronald Fisher submitted a federal administrative tort claim to the OST Department of Public Safety in his role as guardian ad litem of C.F.

15.     Defendant admits the allegations contained in ¶ 15 to the extent that both claims were denied on June 12, 2014.

## PRAYER FOR RELIEF

Plaintiffs' prayer for relief (the WHEREFORE paragraphs numbered ¶¶ 1-4) are denied.

## AFFIRMATIVE DEFENSES

1.      The complaint fails to state a claim upon which relief can be granted.

2.      The complaint fails to state a claim upon which relief can be granted having failed to establish the elements of a cause of action in

negligence under South Dakota law.

3. The Court lacks subject matter jurisdiction over the subject matter of this action. 28 U.S.C. § 1346(b); 28 U.S.C. § 2671.

4. The injuries and damages alleged in the complaint were not caused by a negligent or wrongful act or omission of any employee of the United States while acting within the scope of his or her office or employment.

5. In the event that an employee of the United States is determined to have engaged in a negligent act and/or omission, which is expressly denied, plaintiffs' contributory negligence bars recovery or, if slight in comparison, reduces recovery per SDCL § 20-9-2.

6. To the extent that plaintiffs may be found to have sustained injuries or damages, those alleged injuries or damages were proximately caused by intervening, joint, supervening, and/or superseding acts and/or omissions of persons other than an employee or an agency of the United States and were not caused by any acts and/or omission of any employee or agency of the United States.

7. Plaintiffs failed to mitigate any damages by taking reasonable steps to minimize or prevent the damages complained of.

8. Plaintiffs' injuries and/or damages, if any, were proximately caused by a pre-existing condition or injury and/or by actions of others or events separate, distinct, unrelated, and remote to any action or inaction of the United States.

9. Even if the United States is determined by the Court to be

negligent, that negligence was not the actual or legal cause of any of the claimed damages to plaintiffs.

10. Even if the United States is determined by the court to be negligent, that negligence was not the proximate cause of any of the claimed damages to plaintiffs.

11. To the extent allowed by law, the United States' conduct is protected by qualified immunity or absolute immunity to the same extent such personal immunity defenses are available to its employees.

12. To the extent the law of South Dakota, where the alleged acts or omissions occurred, limits damages or limits a defendant's liability or a plaintiff's cause of action, that law applies to this action against the United States to the extent that it is not inconsistent with the Federal Tort Claims Act.

13. Plaintiffs' claim for damages are limited to damages recoverable under 28 U.S.C. § 2674 and may not include pre-judgment interest or post-judgment interest, except as permitted by federal law.

14. Pursuant to 28 U.S.C. § 2674, plaintiffs cannot recover punitive damages or any other non-compensatory damages against the United States.

15. Any attorney fees awarded are deducted from the judgment or settlement and are governed by statute. 28 U.S.C. § 2678.

16. Plaintiffs' recoverable damages, if any, are limited to the amount requested in their administrative tort claims. 28 U.S.C. § 2675(b).

17. The United States' liability is subject to the limitations of South Dakota law.

18.     To the extent plaintiffs are entitled to recover damages from the United States in this action, the United States is entitled to a credit or set-off for any past or future benefits paid to or on behalf of or received by the plaintiffs, to the extent allowed under federal and state common and statutory law.

19.     Plaintiffs are not entitled to a trial by jury pursuant to 28 U.S.C. § 2402.

20.     The affirmative defenses that have been asserted heretofore in this answer are not exhaustive, and the United States hereby expressly reserves the right to amend this answer to bring additional defenses over the course of this action, as the facts and evidence may warrant.

WHEREFORE, having fully answered plaintiffs' complaint, Defendant prays that this action be dismissed with prejudice, that Defendant be awarded costs against plaintiffs, and that the Court grant such other and further relief to defendant as may be appropriate.

Date:  September 2, 2014.

                                                BRENDAN V. JOHNSON
                                                United States Attorney

                                                /s/ *Meghan K. Roche*

                                                MEGHAN K. (WOSTER) ROCHE
                                                Assistant U.S. Attorney
                                                PO Box 2638
                                                Sioux Falls, SD 57101-2638
                                                Phone:  605.357.2315
                                                Fax:  605.330.4402
                                                Meghan.Woster@usdoj.gov

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on September 2, 2014, a true and correct copy of the foregoing was served upon the following person(s), by placing the same in the service indicated, and addressed as follows:

| | |
|---|---|
| George Nelson<br>2020 W. Omaha St.<br>P.O. Box 9460<br>Rapid City, SD 57709 | ☒ US mail<br>☐ FedEx<br>☒ ECF<br>☐ hand delivered<br>☐ faxed |

/s/ *Meghan K. Roche*

_____
Meghan K. (Woster) Roche

7